UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BUDDY ALAN DAY,

    Petitioner,

v.                                           Case No. 5:09-cv-405-Oc-30GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER DISMISSING CASE

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), challenging a conviction of the Circuit Court in Lake County, Florida. Now before the Court is Respondents' Motion to Dismiss (Doc. 12), in which Respondents seek dismissal of the action without prejudice so that Petitioner can attempt to exhaust his claims in state court. Petitioner has not responded to the Respondents' motion.

Upon due consideration, Respondents' motion is due to be **GRANTED**. In the interests of comity, this Court should give the state courts the opportunity to rule on his claims before he seeks relief in the federal courts.[1] Accordingly, this case is **DISMISSED without prejudice** to give the Petitioner the opportunity to exhaust his

---

[1] See Rose v. Lundy, 455 U.S. 509 (1982).

state court remedies.[2]  The Clerk is directed to terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cv-405.ocala day.wpd

---

[2] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).